IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SANDRA GARDNER               :

                             :

v.                        : Civil Action No. DKC 24-454

                             :

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS,:
et al.

## MEMORANDUM OPINION

Presently pending and ready for resolution in this breach of fiduciary duty case is the motion to dismiss filed by the International Association of Machinists and Aerospace Workers ("IAM"). (ECF No. 62). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be denied.

## I.   Background

The factual background of this case has been recounted in the court's previous opinions. (ECF Nos. 27, at 1-5; 48, at 1-3). As relevant here, Sandra Gardner ("Ms. Gardner" or "Plaintiff") is a longtime member of IAM, a large labor union representing employees in the aerospace, transportation, and automotive industries. In March 2021, Ms. Gardner became concerned that IAM General Secretary-Treasurer Dora Cervantes was using union funds for personal travel. (ECF No. 53 ¶¶ 52-53). She also came to suspect

that IAM President Robert Martinez and IAM General Vice President Mark Blondin were doing the same.  (*Id.* ¶¶ 16, 17, 63).  On May 5, May 20, June 10, and July 28, 2022, Ms. Gardner sent letters to IAM and its General Counsel "demanding a full accounting and a genuine and thorough investigation."  (*Id.* ¶ 60).  The May 5, May 20, and June 10 letters requested unredacted travel and expense records for Ms. Cervantes and Mr. Martinez, and the July 28 letter expanded the request to include the same records for Mr. Blondin.  (*Id.* ¶¶ 60–63; ECF No. 24-2 ¶¶ 28, 31, 34, 37).  Ms. Gardner alleges that IAM "refused to produce unredacted travel and expense records" of Ms. Cervantes, Mr. Martinez, and Mr. Blondin.  (ECF No. 53 ¶¶ 110, 112).

On February 15, 2024, Plaintiff Ms. Gardner filed an application for leave to file a verified complaint[1] against IAM, among other proposed defendants.  (ECF No. 1).  To her application she attached a proposed complaint asserting two claims, one for breach of fiduciary duty pursuant to 29 U.S.C. § 501 (Count I), and the other for failure to provide requested union records pursuant to 29 U.S.C. § 431(c) (Count II).  (ECF No. 1-1).  Count II was asserted against IAM only.  (*Id.* ¶ 49).  All parties agreed that while Plaintiff needed leave of court to file the § 501 claim

---

[1] The application for leave to file the verified complaint is required by 29 U.S.C. § 501.

in Count I, she did not need leave of court to file the § 431(c) claim in Count II. (ECF Nos. 1, at 6–7; 4, at 2). Nevertheless, Plaintiff did not file a complaint asserting her § 431(c) claim. The proposed defendants then suggested that the court should deny Plaintiff's application without prejudice, Plaintiff should file a complaint asserting her § 431(c) claim and an application to file her § 501 claim, and Defendants would then file a combined motion to dismiss the § 431(c) claim and opposition to the application for leave to file the § 501 claim. (ECF No. 4, at 3). Plaintiff opposed this proposed course and the court thus declined to adopt it. (ECF Nos. 13; 14).

After the parties concluded briefing whether Plaintiff should be granted leave to file the § 501 claim, specifically whether Plaintiff had met the "demand" and "good cause" requirements, the court denied the application on September 25, 2024, on the ground that Plaintiff had not met the demand requirement. (ECF Nos. 27; 28). The court did not reach the good cause requirement. Plaintiff appealed, and the United States Court of Appeals for the Fourth Circuit reversed on August 11, 2025. (ECF No. 32). After the case returned to this court and the parties provided supplemental briefing, on December 23, this court determined that Plaintiff had met the good cause requirement, granted the application, and directed the clerk to file the proposed complaint

3

attached to the application. (ECF Nos. 48; 49; 50). Plaintiff filed an amended verified complaint on January 14, 2026, asserting additional facts and eliminating all defendants except Ms. Cervantes as to the § 501 claim in Count I and IAM as to the § 431(c) claim in Count II. (ECF No. 53). In Count II, the only claim at issue on this motion to dismiss, Plaintiff requests:

> The unredacted books and records . . . for the period of 2015 through the present, includ[ing] but . . . not limited to the following:
> - All travel-related expense records of Cervantes, Martinez and Blondin, *e.g.*, Weekly Activity and Expense Statements, invoices, receipts, credit card statements, checks, calendars, diaries, sign in sheets for meetings, and attendance sheets for meetings;
> - Documents reflecting Cervantes, Martinez and Blondin's lodging, personal automobile mileage, taxi, tolls or parking expenses charged to the IAM;
> - Documents reflecting Cervantes, Martinez and Blondin's "Extraordinary Expenses," *e.g.*, Extraordinary Expense Forms and related receipts, which include union business-related meals, rental cars, and registration fees for conventions, including those charged to personal credit cards and subsequently reimbursed by the IAM;
> - Statements from Cervantes, Martinez and Blondin's IAM Executive Council members' American Express Business Platinum cards for expenses for which reimbursement by the IAM was requested, including notations by Cervantes, Martinez and Blondin related to their union business-related charges.

(*Id.* ¶ 131).

4

On March 16, IAM moved to dismiss Count II for failure to state a claim.[2]  (ECF No. 62).  Plaintiff responded on March 30, (ECF No. 63), and IAM replied on April 13, (ECF No. 64).

## II.  Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  IAM only challenges Plaintiff's complaint on the basis of laches, which is an affirmative defense. Fed.R.Civ.P. 8(c)(1).  Generally, courts "cannot reach the merits of an affirmative defense" on a motion to dismiss for failure to state a claim.  *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc).  In "relatively rare circumstances," however, a court can rule on an affirmative defense at the pleading stage "if all facts necessary to the affirmative defense 'clearly appear[] *on the face of the complaint*.'"  *Id.* (alteration in original) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (citing *Desser v. Woods*, 266 Md. 696, 703–04 (1972)).  Even if the affirmative defense appears on the face of the complaint, however, the defendant must "show also that the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the

---

[2] Ms. Cervantes filed an answer on March 13.  (ECF No. 61).

complaint." *Id.* at 466. Throughout this inquiry, the court may also take "judicial notice of 'matters of public record,'" *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)), including filings on the present docket, *Aletum v. Kuehne + Nagel Co.*, No. 19-cv-1972-ELH, 2020 WL 1955553, at *6 (D.Md. Apr. 23, 2020) (citing *Brown v. Ocwen Loan Servicing, LLC*, No. 14-cv-3454-PJM, 2015 WL 5008763, at *1 n.3 (D.Md. Aug. 20, 2015), *aff'd*, 639 F.App'x 200 (4th Cir. 2016)).

## III. Analysis

The equitable defense of laches "generally applies to preclude relief for a plaintiff who has unreasonably 'slept' on [her] rights." *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 121 (4th Cir. 2011) (citing *Brittingham v. Jenkins*, 914 F.2d 447, 456 (4th Cir. 1990)). To prove that laches is appropriate, a defendant must demonstrate (1) lack of diligence by the plaintiff and (2) prejudice to the defendant. *White v. Daniel*, 909 F.2d 99, 102 (4th Cir. 1990) (citing *Costello v. United States*, 365 U.S. 265, 282 (1961); *Plumbers & Steamfitters Union Loc. No. 10 v. Waters*, 451 F.Supp.3d 543, 551 (E.D.Va. 2020). Lack of diligence exists where "the plaintiff delayed inexcusably or unreasonably in filing suit." *White*, 909 F.2d at 102 (quoting *Nat'l Wildlife Fed'n v. Burford*, 835 F.2d 305, 318 (D.C.Cir. 1987)). The reasonableness

of delay is measured against the analogous "statute of limitations relating to actions at law of like character."  *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 988 F.3d 690, 717 n.13 (4th Cir. 2021) (quoting *King v. Richardson*, 136 F.2d 849, 862 (4th Cir. 1943)). And delay is calculated from the date "the plaintiff discovers or with reasonable diligence could have discovered the facts giving rise to [her] cause of action."  *White*, 909 F.2d at 102 (citing *Ward v. Ackroyd*, 344 F.Supp. 1202, 1212 (D.Md. 1972); *Knox v. Milwaukee Cnty. Bd. of Elections Comm'rs*, 581 F.Supp. 399, 402 (E.D.Wis. 1984)).

If a plaintiff files her claim outside of the analogous statute of limitations, lack of diligence and prejudice are generally presumed.  *See White*, 909 F.2d at 102; *PBM Prods.*, 639 F.3d at 121.  In that event, the burden shifts to the plaintiff to "excuse [her] apparent laggardness and . . . prove facts manifesting an absence of actual prejudice."  *White*, 909 F.2d at 102 (quoting *Giddens v. Isbrandtsen Co.*, 355 F.2d 125, 128 (4th Cir. 1966)).  The application of laches "depends upon the particular circumstances of the case" and the "equitable balancing" it entails is "left to the sound discretion of the trial court."  *Id.* (citing *Nat'l Wildlife Fed'n*, 835 F.2d at 318; *Lingenfelter v. Keystone Consol. Indus., Inc.*, 691 F.2d 339, 341 (7th Cir. 1982)).

The parties appear to agree on several key points regarding IAM's laches defense: (1) The analogous statute of limitations is three years; (2) the analogous statute of limitations thus expired, at the latest, in July or August 2025; and (3) Plaintiff's § 431(c) claim was not formally filed until December 2025. (ECF No. 64, at 6). Because Plaintiff filed her § 431(c) claim outside the analogous statute of limitations, both elements of the laches defense are presumptively met, and Plaintiff bears the burden of showing that the application of laches here would be inequitable.

But this is where the burdens get tricky. Even when a plaintiff will have the ultimate burden of proving a fact, at the motion to dismiss stage, the burden is on the defendant to show that, relying only on the face of the complaint and permissible documents, the plaintiff cannot do so. Thus, because Plaintiff can defeat IAM's laches defense through a showing of inequity, IAM must first demonstrate that this "rejoinder" by Plaintiff is "foreclosed by the allegations in the complaint," *Goodman*, 494 F.3d at 466, or other records subject to judicial notice, *Goldfarb*, 791 F.3d at 508. *Cf. Kim v. Lee*, No. 18-cv-1350, 2019 WL 8892575, at *3 (E.D.Va. Apr. 15, 2019) (considering, on a statute of limitations defense asserted in a motion to dismiss, whether the allegations in the complaint foreclosed the plaintiff's equitable tolling argument). IAM does not point to anything in the amended

complaint foreclosing a finding that the application of laches would be inequitable.  It does, however, point to Plaintiff's other activity on this docket, of which the court may take judicial notice.  IAM argues that Plaintiff must take the bitter with the sweet: By declining to file her § 431(c) claim when she applied for leave to file her § 501 claim, Plaintiff both ensured that she could immediately appeal an adverse decision on her application and ran the risk that her § 431(c) claim would be time-barred by the time her application was finally adjudicated.  (ECF No. 62-1, at 13-15).  IAM further argues that Plaintiff could have filed a separate action asserting the § 431(c) claim at any time.  (*Id.* at 13).

Upon consideration of the particular facts and circumstances of this case, IAM has not carried its burden to show that a finding of inequity is foreclosed.  In fact, it appears likely that laches would be inequitable here.  As the Supreme Court of the United States has explained in the equitable tolling context:

> [S]tatutory limitations periods are "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.  The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them."

*Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) (quoting *Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348-49 (1944)); *see also Wade v. Danek Med., Inc.*, 182 F.3d 281, 288 n.9 (4th Cir. 1999) (citing same).  That logic applies with equal force to a laches analysis, which likewise implicates the court's equitable discretion.  IAM has been on notice of the existence and particulars of the § 431(c) claim since February 2024, well within the limitations period.  (ECF No. 4, at 1-2). And it was no secret that Plaintiff would formally file her § 431(c) claim once her application to file her § 501 claim was adjudicated.  Looking at the amended complaint and Plaintiff's activity on this docket, Plaintiff has not "slept" on her rights, and it is unlikely that "evidence has been lost, memories have faded, and witnesses have disappeared," *Am. Pipe & Constr. Co.*, 414 U.S. at 554 (quoting *Order of R.R. Telegraphers*, 321 U.S. at 348-49).

IAM overlooks these realities and relies on speculation regarding Plaintiff's actual intent in declining to file her § 431(c) claim at the outset.  But that argument says nothing about notice to IAM or the risk that evidence, memories, or witnesses have been lost.  And IAM's contention that Plaintiff could have taken the decidedly inefficient route of filing a separate action

10

to assert the § 431(c) claim within the limitations period misses the mark for the same reason.[3]

In short, IAM has failed to show that the amended complaint and Plaintiff's other activity on this docket foreclose the finding that laches would be inequitable here.

## IV.   Conclusion

For the foregoing reasons, IAM's motion to dismiss will be denied.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[3] The only other argument IAM raises regarding prejudice is that Mr. Martinez and Mr. Blondin would be prejudiced by allowing the § 431(c) claim to proceed.  (ECF No. 62-1, at 15 n.5).  But IAM offers no case law to support the proposition that prejudice to non-parties is proper to consider in a laches analysis.